Milk Control Board,
Nos. 5451, 5452.

WEEKS DAIRY, INC.

*v.*

NEW HAMPSHIRE MILK CONTROL BOARD.

NEW HAMPSHIRE MILK DEALERS' ASSOCIATION

*v.*

NEW HAMPSHIRE MILK CONTROL BOARD.

Argued June 8, 1966.
Decided August 31, 1966.

*Snierson & Chandler* and *David M. Copithorne* ( *Mr. Copithorne* orally ), for Weeks Dairy, Inc.

*Booth, Wadleigh, Langdell, Starr & Peters* ( *Mr. Philip G. Peters* orally ), for New Hampshire Milk Dealers' Association.

*George S. Pappagianis,* Attorney General and *R. Peter Shapiro,*

Assistant Attorney General ( *Mr. Shapiro* orally ), for New Hampshire Milk Control Board.

LAMPRON, J. After due notice and hearing, the Board amended its official orders on March 1, 1963 as follows: "VIII. School milk in individual containers is Class I milk for payment to producers and is exempt from resale price regulations by this Board." Previously, on October 1, 1956, after due notice and hearing, the Board had ruled "6. School milk in individual containers is exempt from price regulation by the Board."

Weeks contending that the order of March 1, 1963 pertaining to school milk was unlawful requested a meeting with the Board to discuss its position. Such a meeting was held on September 24, 1965 at which Weeks appeared with counsel "submitted a brief and discussed same." By a letter of the same date, Weeks was notified that the Board had denied its request to amend Article VIII of its March 1, 1963 order. Weeks filed a motion for rehearing and was advised that a hearing would be held on the "feasibility" of continuing an order of the Board made on September 24, 1965 as follows: "Milk sold to any schools such as universities, colleges, nursery schools, kindergartens, elementary schools, high schools and preparatory schools serving milk substantially to pupils and teachers shall be exempt from resale price regulations by the Milk Control Board."

On November 8, 1965, after due notice, a public hearing was held on the sole question of the feasibility of continuing the above order. Representatives of the plaintiffs appeared, as well as others, and were afforded the opportunity to be heard. Thereafter the Board reaffirmed its revised order of September 24, 1965.

Plaintiffs maintain that the September 24 order was invalid because it was not made after public notice and hearing; it exceeded the powers of the Board; and violated their constitutional rights. Although it could be argued that these issues are moot after the decision in *New Hampshire Milk Dealers' Association* v. *N. H. Milk Control Board*, 107 N. H. 335, we are of the opinion, as urged by the parties, that a decision of these issues would serve the ends of justice. *Sugar Hill Improvement Ass'n* v. *Lisbon*, 104 N. H. 40, 42.

The September 24 order was essentially the same as that of March 1, 1963 which was made after due notice and public hearing; that is, school milk was subjected to price controls at

the producer level and not at the consumer level. All that the September order did was to define more specifically "school milk." Furthermore on November 8, 1965 after due notice, the plaintiffs were given the opportunity at a public hearing to contest the feasibility of continuing that order which thereafter was affirmed by the Board. We hold that in these circumstances the procedure followed by the Board was proper. RSA 183:7. *Cumberland Farms* v. *Pierce,* 104 N. H. 489, 496, 497.

Plaintiffs further contend that the Board has no authority to regulate prices at the producer level only as it did in this case. They maintain that if the Board finds the existence of the statutory conditions authorizing it to fix prices ( RSA 183:7 ) it must fix prices at both the producer and the consumer levels. We disagree.

It is clear that RSA 183:7 requires that the price-fixing actions of the Board must be based on the existence in a certain market of a menace to the public health which would result from an inadequate supply of milk of proper quality. It necessarily follows that the "just and reasonable" prices to be fixed at the producer and consumer levels are such as are dictated by the conditions existing in that market. Consequently if the Board reasonably finds that the menace to the public health requires the imposition of controls at one level only, either the producer or the consumer level, surely the Legislature did not intend to compel the Board to impose controls on prices which are not needed by the existing conditions.

The record does not require a ruling by this court that the findings of the Board which were the basis for their imposition of controls at the producer level only, as far as school milk is concerned, were not lawful and reasonable or that the order was unjust or unreasonable. RSA 541:13; *Cumberland Farms* v. *Pierce,* 104 N. H. 489, 497.

Finally the fact that certain distributors may be affected differently by this order because their source of supply is regulated while that of other dealers is unregulated, because outside the jurisdiction of the Board, is not an unfair distinction attributable to the ruling of the Board but rather to extraneous circumstances. *Cumberland Farms* v. *Pierce, supra,* 499; *Opinion of the Justices,* 81 N. H. 566, 570.

*Appeals dismissed.*

All concurred.